**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 10-CR-20001** |
| ) | |
| **JIMMY A. LaCOST, MICHAEL W. LaCOST,** ) | |
| **and LaCOST AMUSEMENTS, INC., a** ) | |
| **corporation,** ) | |
| ) | |
| **Defendants.** ) | |

### OPINION

This case is before the court for ruling on various motions filed by Defendants, Jimmy A. LaCost, Michael W. LaCost, and LaCost Amusements, Inc. (LaCost Amusements). This court has carefully considered the arguments presented by the parties and rules as follows: (1) Defendants' Motion to Dismiss Count 55 of the Indictment (#30) is DENIED; (2) Defendants' Motion to Compel the Government to Provide Notice of Intent to Offer Rule 404(b) Evidence Sixty Days Before Trial (#34) is DENIED; (3) Defendants' Motion to Require the Government to Give Reasonable Notice of Intent to Use Expert Testimony (#35) is DENIED; (4) Defendants' Motion for Preservation of Rough Notes and Logs (#36) is DENIED; (5) Defendants' Motion for Production of Favorable Evidence (#37) is DENIED; (6) Defendants' Motion for Early Return of Trial Subpoenas (#38) is DENIED; and (7) Defendants' Motion to Dismiss Counts 56-109 of the Indictment (#32) is taken under advisement pending supplemental briefing.

### BACKGROUND

On January 6, 2010, the grand jury returned a 12-page, 109 count indictment (#1) against Defendants. In Counts 1 through 54, Defendants Jimmy LaCost and LaCost Amusements were charged with committing specified structured transactions over a period from January 25, 2005, to

June 22, 2009, for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a), and regulations prescribed thereunder, while violating another law of the United States as set forth in Count 55 of the indictment, and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period commencing on January 1, 2008, in violation of 31 U.S.C. § 5324(a)(3) and (d)(2), 18 U.S.C. § 2 and 31 C.F.R. § 103.11. In Count 55, all three Defendants were charged with conducting, financing, managing, supervising, directing, and owning part of an illegal gambling business, namely, a gambling business providing and maintaining video gambling machines and devices, in violation of 18 U.S.C. §§ 2 and 1955(a). In Counts 56 through 109, Defendants Jimmy LaCost and LaCost Amusements were charged with separate specified incidents of money laundering, from January 25, 2005, to June 22, 2009, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(ii). The indictment also alleged that the property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956 is subject to forfeiture.

Defendants are represented by retained counsel and have pleaded not guilty to the charges.

PENDING MOTIONS

I. MOTIONS TO DISMISS

A. MOTION TO DISMISS COUNT 55

On March 31, 2010, Defendants filed a Motion to Dismiss Count 55 of the Indictment (#30) and a Memorandum in Support (#31). Defendants argued that Count 55 of the Indictment is invalid because it provides no factual particulars to apprise the defendants of what they must meet at trial. Defendants argued that "Count 55 provides absolutely no factual details apprising the defendants of what the government contends they did that violates the charged statutes." Defendants pointed out that the Illinois statutes referred to in the indictment specifically excluded from the definition

of "gambling device" a "coin-in-the-slot operated mechanical device played for amusement which rewards the player with the right to replay such mechanical device, which device is so constructed or devised as to make such result of the operation thereof depend in part upon the skill of the player and which returns to the player thereof no money, property or right to receive money or property." 720 Ill. Comp Stat. 5/28-2(a)(1) (West 2008).  Defendants contended that the "video poker and other games that LaCost Amusements leased to bars, restaurants and stores from January 6, 2005 through July 8, 2009 facially fall within" this exclusion.  Defendants therefore argued that the leasing of those devices was not per se illegal.  Defendants also noted that, effective July 13, 2009, the Video Gaming Act became effective and explicitly made gambling on certain video machines, including video poker machines, legal in Illinois.  See 230 Ill. Comp. Stat. 40/1 et seq. (West 2010).

On April 14, 2010, the Government filed its Response (#40).  The Government argued that the allegations in Count 55 are "more than sufficient for purposes of allowing the defendants to prepare a defense and plead the judgment as a bar to any future prosecutions."  The Government also argued that, in their motion to dismiss, Defendant demonstrated an awareness of the specific nature of the grand jury's charge, namely, that they provided and maintained illegal gambling devices. The Government contended that, while Defendants allege that the leasing of the devices was not per se illegal, this is a defense to be presented at trial, not grounds to dismiss the indictment. The Government pointed out that Defendants, in including this argument in their Motion to Dismiss, have already asserted a defense and have demonstrated that the indictment is sufficient for purposes of allowing them to prepare a defense. The Government stated that the "finder of fact will determine if the video poker and other machines were for amusement only, or if, as alleged in the Indictment, they indeed were gambling machines and devices in violation of Illinois law."  The Government

argued that, for purposes of Defendants' Motion to Dismiss, "the allegations of Count 55 of the Indictment are assumed to be true and sufficiently state the offense of conducting an illegal gambling business in violation of 18 U.S.C. § 1955."

On April 21, 2010, Defendants filed a Reply (#43). Defendants argued that "Count 55 alleges a 4½ year time period (1,644 days) during which defendants allegedly conducted an illegal gambling business by providing video poker machines to multiple bars, restaurants, and retail stores in Kankakee County and other contiguous counties" and "alleges not one specific fact that allows the Defendants to pin down when during those 1,644 days something happened, where it happened, who did it, what happened, or how the Defendants allegedly aided and abetted whatever occurred."

Count 55 of the Indictment states that, from on or about January 6, 2005, and continuously thereafter, up to and including July 8, 2009, in Kankakee County and elsewhere, Defendants:

> did conduct, finance, manage, supervise, direct, and own part of an illegal gambling business, namely, a gambling business involving providing and maintaining video gambling machines and devices, which gambling business was a violation of the laws of the State of Illinois, specifically 720 ILCS 5/28-1(a)(3) and (a)(1), and which involved five or more persons who conducted, financed, managed, supervised, directed, and owned part of such gambling business, and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue in excess of $2,000 in any single day.
>
> All in violation of Title 18, United States Code, Sections 2

and 1955(a).

Under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). For an indictment to be legally sufficient, it must accomplish three functions: (1) it must state each of the elements of the crime charged; (2) it must provide adequate notice of the nature of the charges so that the defendant may prepare a defense; and (3) it must allow the defendant to raise the judgment as a bar to future prosecutions for the same offense. United States v. Fassnacht, 332 F.3d 440, 444-45 (7th Cir. 2003). In considering a challenge to the sufficiency of an indictment, this court must be "mindful that dismissing an indictment is an extraordinary measure." United States v. Patrick, 683 F. Supp. 2d 808, 809 (N.D. Ind. 2010), citing United States v. Morrison, 449 U.S. 361, 365 (1981). Accordingly, the Seventh Circuit has "cautioned that the sufficiency of an indictment is to be reviewed practically, with a view to the indictment in its entirety, rather than in any 'hypertechnical manner.'" Fassnacht, 332 F.3d at 445, quoting United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000). "An indictment need not say much to be deemed sufficient." United States v. Moore, 563 F.3d 583, 585 (7th Cir. 2009). Moreover, when evaluating the sufficiency of an indictment, this court must focus on its allegations, which this court accepts as true. See Moore, 563 F.3d at 586.

In this case, this court agrees with the Government that Count 55 meets the first test of sufficiency because it alleges a violation of each and every element of the statutory offense. Defendants are correct that "an indictment that tracks the statutory language can nonetheless be considered deficient if it does not provide enough factual particulars to 'sufficiently apprise the defendant of what he must be prepared to meet.'" Smith, 230 F.3d at 305, quoting Russell v. United

States, 369 U.S. 749, 763-64 (1962). Accordingly, an indictment is legally insufficient when it fails to inform the defendant of "the gravamen of the alleged offense." United States v. Hinkle, 637 F.2d 1154, 1158 (7th Cir. 1981). However, "[w]hile it is true that an indictment must do more that recite the statutory elements, this does not mean that the government is required to provide 'every factual nugget necessary for conviction.'" Fassnacht, 332 F.3d at 445, quoting Smith, 230 F.3d at 306. "After all, '[t]he defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved.'" Fassnacht, 332 F.3d at 446, quoting United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981).

Based upon the applicable standard, this court concludes that Count 55 of the indictment is sufficient because it includes the elements of the crime charged and provides adequate information to allow Defendants to prepare a defense and plead the judgment as a bar to any future prosecutions. See United States v. Useni, 516 F.3d 634, 658 (7th Cir. 2008) (Seventh Circuit concluded that the district court's failure to dismiss § 1955 count predicated on misdemeanor violations of Illinois gambling laws was not error). This court concludes that this case is distinguishable from the situation in Hinkle, the case primarily relied upon by Defendants. In Hinkle, the Seventh Circuit found that some of the counts of the indictment failed to include "crucial, minimal information." Hinkle, 637 F.3d at 1158. This court does not agree with Defendants that crucial information is missing from Count 55 of the indictment in this case. This court concludes that, unlike the situation in Hinkle, Count 55 of the indictment adequately informs Defendants of the offense they are charged with. See Patrick, 683 F. Supp. 2d at 810. Count 55 of the indictment does "provide some means of pinning down the specific conduct at issue." See Fassnacht, 332 F.3d at 445-46.

For all the reasons stated, Defendants' Motion to Dismiss Count 55 of the Indictment (#30)

is DENIED.

## B.  MOTION TO DISMISS COUNTS 56-109

On March 31, 2010, Defendants Jimmy LaCost and LaCost Amusements filed a Motion to Dismiss Counts 56-109 of the Indictment (#32) and a Memorandum in Support (#33).  Defendants stated that Counts 56-109 charged them with committing separate money laundering violations of 18 U.S.C. § 1956(a)(1)(B)(ii) based on various deposits to the LaCost Amusements' bank accounts.  Defendants argued that the money laundering counts fail to state offenses against them and should be dismissed.  Defendants specifically argued that Counts 56-109 failed to allege "proceeds" and failed to properly allege specified unlawful activity.

On April 14, 2010, the Government filed a Response to Defendants' Motion to Dismiss Counts 56 to 109 (#41).  The Government argued that "[e]ven a cursory review of the allegations contained in Counts 56 to 109 of the Indictment reveals that those counts do allege the laundering of 'proceeds.'"  The Government also noted that Defendants, in arguing that the Indictment failed to properly allege specified unlawful activity, relied on their Motion to Dismiss Count 55 (which has now been denied).  On April 21, 2010, Defendants filed a Reply (#44).  Defendants again argued, strenuously, that the indictment is flawed because it does not allege that the charged financial transactions involve "proceeds."

On June 29, 2010, a status conference was held in this case.  At the conference,  Defendants made an oral motion to file a supplemental brief on the issue of the amendment to 18 U.S.C. § 1956.  This court granted the oral motion and allowed Defendants until July 30, 2010, to file a supplemental brief.  This court allowed the Government until August 27, 2010, to respond.  Accordingly, Defendants' Motion to Dismiss Counts 56-109 of the Indictment (#32) is taken under

advisement pending supplemental briefing.

## II.  REMAINING MOTIONS

On March 31, 2010, Defendants filed a Motion to Compel the Government to Provide Notice of Intent to Offer Rule 404(b) Evidence 60 days Before Trial (#34), a Motion to Require the Government to Give Reasonable Notice of Intent to Use Expert Testimony (#35), a Motion for Preservation of Rough Notes and Logs (#36), a Motion for Production of Favorable Evidence (#37), and a Motion for Early Return of Trial Subpoenas (#38).

On April 14, 2010, the Government filed a Consolidated Response to Defendants' Pretrial Motions (#42).  As far as Defendants' Motion for Notice under Rule 404(b) (#34), the Government stated that Rule 404(b) of the Federal Rules of Evidence itself provides that, upon request by the accused, the prosecution "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."  Fed. R. Evid. 404(b).  The Government noted that, rather than make a request to the Government in this case, as contemplated by the Rule, Defendants have instead sought a court order.  The Government stated that, typically in this district, the prosecution provides Rule 404(b) information to the defense as soon as it is aware that it intends to offer such evidence at trial.  The Government stated that "Rule 404(b)'s notice provision is self-executing and typically does not require Court involvement in this district."  The Government therefore argued that no order from this court is necessary.  The Government also argued that it is not unusual for the Government to learn of admissible Rule 404(b) evidence less than 60 days prior to trial and "[t]o the extent the defendants are seeking to bar the United States from presenting evidence under Rule 404(b) that the United States discovers less than 60 days prior to trial, the United States opposes this motion" as

nothing in Rule 404(b) supports such exclusion.

As far as Defendants' Motion regarding expert testimony (#35), the Government pointed out that Defendants have sought the intervention of this court without making any request of the Government or any attempt to confer with the Government as required by Rule 16.1 of the Local Rules of the Central District of Illinois. The Government also stated that Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure requires the Government to provide a written summary of expert testimony to the defendant upon request. The Government stated that it will do so 60 days prior to trial if it has identified any such information it intends to offer in its case-in-chief at that time. The Government argued that no court order is necessary to enforce Rule 16 and Local Rule 16.1 prior to a conference between the parties.

In Defendants' Motion for Preservation of Rough Notes and Logs (#36), Defendants are seeking an order directing the Government "to obtain and preserve for production all rough notes prepared by law enforcement authorities and all investigative agencies and any civilian agents and informants during the course of the investigation of this case; notes of witness interviews conducted by prosecutors and/or investigating agents; and, notes and logs relating to execution of search warrants and other investigative activities." In its Response, the Government stated that it will preserve any such notes that exist but does not concede that such notes are discoverable. The Government stated that, hopefully, the parties can confer pursuant to Local Rule 16.1 and agree on the production of notes on a case-by-case basis. The Government stated that, if an agreement cannot be reached, Defendants could file a motion to compel at that time.

As far as Defendants' Motion for Production of Favorable Evidence (#37), the Government stated that it is aware of its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its

9

progeny, to provide materially exculpatory evidence within its knowledge and control to Defendants. The Government further stated that it will continue to comply with its obligations, including its obligations pursuant to Giglio v. United States, 405 U.S. 150 (1972) to provide Defendants all impeachment evidence regarding the witnesses the Government intends to call at trial. The Government therefore argued that no court order is required.

As far as Defendants' Motion for Early Return of Trial Subpoenas (#37), the Government noted that the motion "does not specify any particular subpoenas, any particular items sought, any particular witnesses to whom the subpoenas will be directed, or any particular date that the defendants would like the subpoenas returned." The Government argued that there is no basis for the entry of the blanket order requested.

Based upon the Government's representations, and its history in this court, this court concludes: (1) the Government will fully comply with the requirements of Rule 404(b) of the Federal Rules of Evidence so that no court order is necessary; (2) the Government will comply with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and no court order is necessary regarding expert testimony; (3) the Government will preserve any notes that exist and confer with Defendants regarding the production of notes so no court order is necessary; (4) the Government will comply with its obligations under Brady and Giglio so no court order is necessary; and (5) there is no basis for a blanket order from the court permitting the early return of unspecified trial subpoenas. Accordingly, Defendants' Motions (#34, #35, #36, #37, #38) are DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion to Dismiss Count 55 of the Indictment (#30) is DENIED.

(2) Defendants' Motion to Dismiss Counts 56-109 of the Indictment (#32) is taken under

advisement pending supplemental briefing.

(3) Defendants' remaining Motions (#34, #35, #36, #37, #38) are DENIED.

(4) This case remains scheduled for a telephone status conference on September 3, 2010, at 9:00 a.m.

ENTERED this 12th day of July, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE