UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-CR-20001 |
| ) | |
| JIMMY A. LaCOST, MICHAEL W. LaCOST, ) | |
| and LaCOST AMUSEMENTS, INC., a ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

This case is before the court for ruling on two motions filed by Defendants, Jimmy A. LaCost, Michael W. LaCost, and LaCost Amusements, Inc. (LaCost Amusements). This court has carefully considered the arguments presented by the parties and rules as follows: (1) Defendants' Motion to Dismiss Counts 56-109 of the Indictment (#32) is DENIED; and (2) Defendant's Motion for Entry of an Order Permitting their Counsel to Cause the Issuance of a Subpoena Duces Tecum to MainSource Bank (#50) is GRANTED in part and DENIED in part.

BACKGROUND

On January 6, 2010, the grand jury returned a 12-page, 109 count indictment (#1) against Defendants. In Counts 1 through 54, Defendants Jimmy LaCost and LaCost Amusements were charged with committing specified structured transactions over a period from January 25, 2005, to June 22, 2009, for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a), and regulations prescribed thereunder, while violating another law of the United States as set forth in Count 55 of the indictment, and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period commencing on January 1, 2008, in violation of 31 U.S.C. § 5324(a)(3) and (d)(2), 18 U.S.C. § 2 and 31 C.F.R. § 103.11. In Count 55, all three Defendants were charged with conducting, financing, managing, supervising, directing, and owning part of an illegal gambling

business, namely, a gambling business providing and maintaining video gambling machines and devices, in violation of 18 U.S.C. §§ 2 and 1955(a). In Counts 56 through 109, Defendants Jimmy LaCost and LaCost Amusements were charged with separate specified incidents of money laundering, from January 25, 2005, to June 22, 2009, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(ii). The indictment also alleged that the property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956 is subject to forfeiture.

Defendants are represented by retained counsel and have pleaded not guilty to the charges.

PENDING MOTIONS

I. MOTION TO DISMISS

On March 31, 2010, Defendants Jimmy LaCost and LaCost Amusements filed a Motion to Dismiss Counts 56-109 of the Indictment (#32) and a Memorandum in Support (#33). Defendants stated that Counts 56-109 charged them with committing separate money laundering violations of 18 U.S.C. § 1956(a)(1)(B)(ii) based on various deposits to the LaCost Amusements' bank accounts. Defendants argued that the money laundering counts fail to state offenses against them and should be dismissed. Defendants specifically argued that Counts 56-109 failed to allege "proceeds" and failed to properly allege specified unlawful activity.

On April 14, 2010, the Government filed a Response to Defendants' Motion to Dismiss Counts 56 to 109 (#41). The Government argued that "[e]ven a cursory review of the allegations contained in Counts 56 to 109 of the Indictment reveals that those counts do allege the laundering of 'proceeds.'" The Government also noted that Defendants, in arguing that the Indictment failed to properly allege specified unlawful activity, relied on their Motion to Dismiss Count 55. On April 21, 2010, Defendants filed a Reply (#44). Defendants again argued, strenuously, that the indictment is flawed because it does not allege that the charged financial transactions involve "proceeds."

On June 29, 2010, a status conference was held in this case. At the conference, Defendants made an oral motion to file a supplemental brief on the issue of the amendment to 18 U.S.C. § 1956. This court granted the oral motion and allowed Defendants until July 30, 2010, to file a supplemental brief. This court allowed the Government until August 27, 2010, to respond.

On July 12, 2010, this court entered an Opinion (#45) which, among other things, denied Defendants' Motion to Dismiss Count 55. On July 30, 2010, Defendants filed their Supplemental Brief on the Issue of the Amendment of 18 U.S.C. § 1956 (#49) and, on August 27, 2010, the Government filed its Response to Defendants' Supplemental Brief (#51).

First of all, this court agrees with the Government that Defendants' argument that Counts 56 through 109 failed to allege specified unlawful activity was based upon their Motion to Dismiss Count 55. Because this court has denied that Motion, this argument can have no merit.

As far as Defendants' remaining argument regarding "proceeds," Defendants and the Government agree that the term "proceeds" was limited by the United States Supreme Court's plurality decision in United States v. Santos, 553 U.S. 507 (2008) to net proceeds in cases, like this one, involving illegal gambling. However, Defendants and the Government also agree that 18 U.S.C. § 1956 was amended on May 20, 2009. By enacting the amendment, Congress effectively overruled Santos's plurality opinion so that, for all money laundering offenses occurring after May 20, 2009, "proceeds" means "gross proceeds." The amendment does not apply retroactively.

In this case, only Count 56 is alleged to have occurred after the effective date of the amendment, May 20, 2009. Counts 57 through 109 are alleged to have occurred prior to May 20, 2009. Defendants argue that Counts 57 through 109 must be dismissed based upon Santos. Defendants also argue that Count 56 should also be dismissed based upon a "merger problem" because "the alleged money laundering transaction is part and parcel of the operation of the charged

3

specified unlawful activity - an alleged illegal gambling business."

The Government argues that Counts 56 through 109 sufficiently alleged the laundering of "proceeds" as required by the statute. The Government contends that Defendants' factual assertions that the laundered money represented gross, not net, proceeds is a defense to be presented at trial, not grounds to dismiss the Indictment on sufficiency grounds. The Government also argues that no "merger problem" exists factually as to Count 56. The Government has argued that the evidence at trial will establish that the deposits at issue involved profits of the illegal gambling business and those deposits were illegally structured to avoid currency transaction reporting requirements. The Government notes that Defendants have alleged otherwise, but "this is precisely the type of fact-based inquiry that cannot be resolved by a motion to dismiss."

This court agrees with the Government that, while Defendants may well have a defense to the charges against them based upon Santos, this does not mean that the charges should be dismissed. This court notes that Counts 56 through 109 of the Indictment clearly allege that the deposits "involved the proceeds of a specific unlawful activity . . . ." This court also agrees with the Government that Defendants have not shown there is a "merger problem" in this case which warrants dismissal of the charges. Accordingly, Defendants' Motion to Dismiss Counts 56-109 of the Indictment (#32) is DENIED.

MOTION FOR SUBPOENA

On July 30, 2010, Defendants filed a Motion for Entry of Order Permitting their Counsel to Cause the Issuance of a Subpoena Duces Tecum to MainSource Bank (#50). Defendants stated that, in order to defend against the charges against them, they need to obtain documents from MainSource Bank. Defendants attached, as Exhibit A, a list of the documents they needed to obtain from MainSource Bank prior to trial. The list included seven categories of documents to be provided by

MainSource Bank.

On August 27, 2010, the Government filed its Response to Defendants' Motion Re: Issuance of a Subpoena Duces Tecum to MainSource Bank (#52). The Government stated that, as a general matter, it had no objection to Defendants' Motion. The Government further stated, however, that Defendants' proposed subpoena sought production of "[a]ny and all Suspicious Activity Reports ('SAR's') filed by the bank with government or other regulatory authorities related to deposits made by, or other banking activity of, LaCost Amusements, Inc. or Jimmy LaCost." The Government stated that financial institutions are prohibited from disclosing SARs pursuant to subpoenas. See 31 C.F.R. § 103.18(e).

Based upon the Government's Response, this court concludes that Defendants' Motion must be granted in part and denied in part. The Motion is granted as to six of the seven categories of documents listed in Exhibit A. However, the Motion is denied as to the third listed category of documents which is seeking production of SARs.

IT IS THEREFORE ORDERED THAT:

(1)   Defendants' Motion to Dismiss Counts 56-109 of the Indictment (#32) is DENIED.

(2) Defendants' Motion for Entry of an Order Permitting their Counsel to Cause the Issuance of a Subpoena Duces Tecum to MainSource Bank (#50) is GRANTED in part and DENIED in part.

(3) This case remains scheduled for a telephone status conference on September 3, 2010, at 9:00 a.m.

ENTERED this 2nd day of September, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE